IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 05-06033-01-CR-SJ-SOW |
| JEFFERY ANDREW MARTIN, | ) ) ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's Motion to Suppress (doc #20). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On September 30, 2005, the Grand Jury returned a one count indictment against defendant Jeffery Andrew Martin. The indictment charges that on February 5, 2003, defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

On May 4, 2006, the undersigned conducted an evidentiary hearing on defendant Martin's motion to suppress. Defendant Martin was represented by appointed counsel Tony R. Miller. The Government was represented by Special Assistant United States Attorney Joseph W. Vanover. The Government called Officer Teddy Taylor of the Kansas City, Missouri Police Department as a witness. The defense called no witnesses to testify.

II. FINDINGS OF FACT

On the basis of the evidence adduced at the evidentiary hearing, the undersigned submits the following proposed findings of fact:

1. Defendant Martin was arrested by task force officers on February 11, 2003, at 5:00 p.m. (Tr. at 3-4, 12) Martin was seated on the front steps of the residence at which he was captured when Officer Teddy Taylor arrived on the scene at approximately 5:30 or 6:00 p.m. (Tr. at 4, 12) Officer Taylor works in the sex crimes unit of the Kansas City, Missouri Police Department. (Tr. at 13) Martin was transported to police headquarters. (Tr. at 4) Martin was not questioned during the trip to

headquarters. (Tr. at 13-14)

2. Officer Taylor met with defendant Martin in an interview room at police headquarters. (Tr. at 4) Officer Taylor wanted to question Martin because Martin had been named in a sodomy and he was also a person of interest in a sodomy that Taylor was working. (Tr. at 4) Officer Taylor had Martin read aloud a Miranda Waiver form. (Tr. at 5) Martin signed the form and agreed to talk with Officer Taylor. (Tr. at 6) The waiver form provided:

### MIRANDA WAIVER

Before being asked any questions, I have been told of my right to remain silent, that anything I say can and will be used against me in court, that I have the right to talk with a lawyer and to have the lawyer with me during questioning. I have been told that if I cannot afford a lawyer that one will be appointed for me, at no cost to me, before I am questioned. I have also been told that I can stop talking at any time.

**I understand all of these right and I am willing to talk to you.**

*Jeffery Martin*
Signature of Person Being Questioned

2-11-2003     1905 hours
Date and Time Warning Given

2-11-2003     1906 hours
Date and Time Waiver Signed

(Government's Ex. 1)

3. After the waiver was signed, defendant Martin asked why he was there and Officer Taylor responded that he was being investigated for two sodomies. (Tr. at 15-16) Martin stated, "Is that all you got?" (Tr. at 16) Officer Taylor then began questioning defendant Martin. (Tr. at 6) Martin admitted to robbing a hotel, a bank robbery, sodomy and three automobile thefts. (Tr. at 6-7) Martin admitted to stealing a pistol from a stolen automobile and then trading the pistol for methamphetamine. (Tr. at 7)

4. Officer Taylor called for a stenographer so that defendant Martin's statement could be transcribed in Martin's own words. (Tr. at 8-9) This portion of the interview began at 9:46 p.m. and concluded at 11:29 p.m. (Tr. at 9) After asking Martin background questions such as his name, birth date and address, Martin answered and initialed the following questions relating to a waiver of his rights:

   Q. Have you been advised that you have the right to remain silent, that any statement you make may be used against you as evidence in court, that you have the right to the presence of an attorney either retained by you or one appointed for you without cost, and that the attorney can be present while you are being questioned?

   A. Yes. *JAM*

2

> Q. Under these conditions are you willing to waive that right and make a statement relating to the Sodomy knowing that it can be used against you in the event of a trial?
>
> A. Yes. *JAM*
>
> (Government's Ex. 2; Tr. at 9-10)

5. Officer Taylor filled in information on a form that was printed on the back side of the Miranda Waiver. (Tr. at 7-8) The form provided:

   Jeffery A. Martin
   Person Being Questioned (Print Name)

   Requested Attorney  A.  No   ☒
                       B.  Yes  ☐ Time _____

   2-11-2003   1700 hours                 Hall Interview Room/Family Violence
   Date and Time Taken Into Custody       Location of Questioning

   10th grade                             2-11-2003   1907 hours
   Educational Level                      Date and Time Questioning Started

   Sodomy                                 2-11-2003   2329 hours
   Type of Offense                        Date and Time Questioning Finished

   2-9-2003                               Statement Information
   Date Offense Occurred                       A.  Oral      ☐
                                               B.  Written   ☒
   Andrea Atherton                             C.  Video     ☐
   Name of Firm/Victim                         D.  Declined  ☐

        Date and Time Statement Signed    2-11-2003   2325 hours

        Persons Present During Questioning  _____

        Miscellaneous Information         1 bottle of water, 3 Pepsi's,

                                          restroom break, 6 cigarettes

        Persons Called or Contacted by Accused  _____

   (Government's Ex. 1)

6. Officer Taylor testified that he can tell through his experience if someone is intoxicated or high and that defendant Martin did not appear to be impaired. (Tr. at 6, 19-20) Officer Taylor further testified that Martin was not forced to talk to Taylor, that he was not forced to waive his Miranda rights and that nothing was withheld from Martin. (Tr. at 11) Martin was provided water, sodas, cigarettes and a restroom break when requested. (Tr. at 8, 11)

3

### III. DISCUSSION

Defendant Martin seeks to suppress "[a]ny and all alleged statements and/or admissions, in any form, whether written, oral or otherwise, made by the defendant to officers or agents of the Kansas City, Missouri Police Department, including but not limited to Officer Teddy Taylor." (Motion to Suppress at 1) Defendant disputes that he was given a Miranda warning before being questioned. (Id. at 2) Defendant further argues that the alleged statements and/or admissions were not made after a knowing, intelligent or voluntary waiver of his rights. (Id.)

In Bram v. United States, 168 U.S. 532, 542-43 (1897), the United States Supreme Court held that the voluntariness of a confession depends upon whether the confession was "extracted by any sort of threats of violence, obtained by any direct or implied promises however slight, [or] by the exertion of any improper influence." In Schneckloth v. Bustamonte, 412 U.S. 218 (1973), the Court explained the voluntariness test:

> Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process.

Id. at 225. Whether or not a confession is made freely and voluntarily must be determined in light of the totality of the circumstances, including "the specific tactics used by the police in eliciting admissions, [and] the details of the interrogation ...." United States v. Warbonnet, 750 F.2d 698, 700 (8th Cir. 1984); Rachlin v. United States, 723 F.2d 1373, 1377 (8th Cir. 1983).

The evidence presented at the hearing clearly shows that defendant Martin's statement was made after he signed a Miranda waiver. There was no evidence presented that defendant was coerced, intimidated or incapacitated in any way when he was given his Miranda rights or when he gave his statement, nor that defendant's waiver of these rights was anything other than voluntary. The Court finds that defendant Martin was fully advised of his rights, that he understood his rights and that he voluntarily and intentionally waived those rights and agreed to talk to Officer Taylor. Defendant's motion to suppress must fail.

4

## IV. CONCLUSION

For the reasons set forth above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Suppress (doc #20).

Counsel are reminded they have ten days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

          */s/ Sarah W. Hays*
          SARAH W. HAYS
    UNITED STATES MAGISTRATE JUDGE